UNITED STATEST DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAWAL SARA,

    Plaintiff,

v.                                                                                             Case No: 17-10040
                                                                                         Honorable Victoria A. Roberts

J.C. PENNEY CORPORATION, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR JUDGMENT ON THE PLEADINGS [Doc. #10]

### I. INTRODUCTION/BACKGROUND

Nawal Sara ("Sara") filed suit against J.C. Penney Corporation, Inc. ("Penney"), seeking damages that she says resulted when a Penney employee knocked a box off a shelf. It fell and struck Sara on the top of her head. She went to an emergency room, complaining of pain to her head and neck. She claims her injuries are permanent. Sara's Complaint states four claims: Count I – negligence; Count II – active negligence; Count III – nuisance; and, Count IV – premises liability.

Penney filed a motion for judgment on the pleadings on the nuisance count only. It asks the Court to dismiss Count III and deny any request from Sara to amend her Complaint.

Sara concedes she did not sufficiently plead Count III; she asks the Court to allow discovery so she can uncover similar incidences that occurred at the Penney store in Troy, MI.

1

The Court **GRANTS** Penney's motion for judgment on the pleadings.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) tests the legal sufficiency of a plaintiff's complaint. The Court reviews such a motion under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d, 291, 295-96 (6th Cir. 2008). As such, it must accept as true all well-pled material allegations in the complaint and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

The Court may grant a motion for judgment on the pleadings only where the movants clearly establish that no material issue of fact remains unresolved and that they are entitled to judgment as a matter of law. *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 240 (6th Cir. 2011); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 892 (E.D. Mich. 2011). To withstand a Rule 12(c) motion, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

## III. DISCUSSION

**Count III – Nuisance**

Penney asks the Court to dismiss Count III because Sara insufficiently pleads a nuisance claim.

To plead a nuisance claim Sara must allege: an unreasonable interference with public rights, which is conduct that: "(1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by [statute or common] law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or long-lasting, significant effect on these rights." *Capitol Properties Grp., LLC v. 1247 Ctr. St., LLC*, 283 Mich. App. 422, 430–31, 770 N.W.2d 105, 111 (2009).

Count III alleges, "[Penney] negligently created or permitted the creation of a nuisance in the manner of which [*sic*] the boxes remained on the shelves in an area known to be traversed by customers;" that "[Penney] negligently permitted such nuisance to exist; and that Sun was injured "as a natural and proximate result thereof." *See* (Doc. #1-2, Pg ID 17, ¶¶25-28).

A nuisance can be either public or private. *Adkins v. Thomas Solvent Co.*, 440 Mich. 293, 302; 487 N.W.2d 715, 719 (1992). While Sara does not specify in her Complaint whether she asserts a public or private nuisance claim, the parties argue and cite cases concerning public nuisance. Therefore, the Court confines its discussion as well.

A public nuisance is created by statute or common law. *See Garfield Twp. v. Young*, 348 Mich. 337, 340, 82 N.W.2d 876, 877–78 (1957)(The Michigan State Supreme Court examined whether the operation of a junk yard is a public nuisance *per se* under any statute or common law.).

Sara does not allege a statutory violation. She complains of a single incident involving herself only: that a Penney employee caused a box in a Penney store to fall

from a shelf and strike her. Sara does not allege that falling boxes in Penney stores is something that significantly interferes with any right of the general public or is of a continuing nature, significantly affecting the public health, safety, or welfare. *Cloverleaf Car Co v. Phillips Petroleum Co*, 213 Mich.App 186, 190; 540 N.W.2d 297 (1995).

Sara agrees that her Complaint is insufficient. She says in her response brief: "Plaintiff does not dispute that she did not plead of other [*sic*] incidents having occurred at the Defendant JCPenney location." See (Doc. #13, Pg ID 115). In this statement, Sara concedes a public nuisance can only be established by a pattern of similar incidences affecting the public at large. She does not plead facts which would tend to show either a statutory or common law nuisance.

Based on Sara's concession and existing law, the Court **GRANTS** Penney's motion.

The Court does not address Sara's request for discovery. She can make discovery requests based on her remaining causes of actions. Additionally, there is no motion to amend pending before the Court, so the Court does not address Penney's request that the Court deny a motion to amend Sara's Complaint.

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion for judgment on the pleadings. The Court **DISMISSES COUNT III WITHOUT PREJUDICE**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 31, 2017

4

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 31, 2017.

s/Linda Vertriest
Deputy Clerk